By the Court.
 

 In this proceeding in
 
 quo warranto
 
 the relator, Edward O’Neill, seeks to oust the respondent, Frederick M. Fanning, as a member of the Soldiers’ Relief Commission of Cuyahoga county. Issues were made by the petition, a second amended answer and a reply. Counsel for the parties stipulated to and agreed upon a statement of facts, essential parts of which are recited hereinafter.
 

 Prior to April 1, 1935, O’Neill was duly appointed a commissioner on the Soldiers’ Relief Commission of Cuyahoga county, by the Common Pleas Court of that county, pursuant to Section 2930, General Code, for a term of three years beginning on that date. He served the three-year term expiring April 4, 1938, which was the first Monday in April, and continued thereafter to serve until April 20, 1938, when Fanning entered into the office of the commission, claimed the right to the office of commissioner, took possession of that office, ousted Edward O’Neill’ therefrom, and continued to exercise thé franchises and prerogatives and perform the duties of that office, to none of which acts of Fanning, O’Neill at any time consented. O’Neill was not removed and did not resign from the office.
 

 The official journal of the Court of Common Pleas contained an entry which declared that the term of
 
 *384
 
 Edward O’Neill “as a commissioner of the Soldiers’ and Sailors’ Relief Commission expired April 21, 1938,” and it was ordered that “Fred M. Fanning be # * appointed to serve for a term of three years next ensuing, in accordance with Section 2930 of the General Code of Ohio. Effective April 21, 1938.”
 

 The stipulated and agreed statement of facts also recites portions of the minutes of the proceedings at meetings of the judges of the Court of Common Pleas. At a meeting of the judges on Friday, March 18, 1938, C. C. Bultman, then an incumbent, was appointed for an unexpired term ending April 1, 1939; a letter was read recommending the appointment of Fanning for the term expiring April 1, 1941, and a committee of the judges was appointed to consider the reappointment of O’Neill. The minutes record that no report was made by that committee at the next meeting of the judges on Friday, April 1, 1938, but at a meeting on Thursday, April 14, 1938, following the suggestion that O’Neill had the right to have further witnesses heard in his behalf, the committee was continued to report at a later meeting of the judges. At a meeting of the judges on April 20, 1938, Fanning was declared elected.
 

 The Chief Justice of the Court of Common Pleas, on or about April 21, 1938, signed a journal entry hereinbefore referred to, which, at the time it was signed, recited that the term of O’Neill expired April 4, 1938, and that Fanning was appointed to serve a term of three years next ensuing in accordance with Section 2930, General Code, commencing April 4, 1938. It was further stipulated that thereafter and before journalizing the aforementioned paper the clerk of court struck out “4th” in two places and substituted the figures “21” in lieu thereof.
 

 O’Neill contends that the appointment of Fanning was invalid for two reasons. First, the court at
 
 *385
 
 tempted to appoint Fanning after the first Monday in April, contrary to Section 2930, General Code, and for a term different from that provided for in that section. Second, the appointment was not made by virtue of Section 2931, General Code, which gives the Common Pleas Court power to make an appointment for an unexpired term when a vacancy 'exists, since Fanning was not appointed to fill a vacancy, but, on the contrary, the court attempted to appoint him for a full term. O’Neill maintains that, by virtue of Section 8, General Code, he is entitled to remain in the office from which he was ousted.
 

 In
 
 State, ex rel. Alcorn,
 
 v.
 
 Mittendorf et al., Commrs.,
 
 102 Ohio St., 229, 131 N. E., 158, this court held that by virtue of Section 5696, General Code, it was the mandatory duty to publicly read the list of persons delinquent in the payment of personal taxes, but the requirement of that section that the reading of the list occur at each September session of the board of county commissioners is directory merely, and upon failure to read the list during the September term it was the duty of the board of commissioners to read the list at a later date. The reasoning of the court in the opinion in that case is controlling in this case.
 

 Portions of the minutes of the meeting of the judges as set forth in the stipulated statement of facts show that delay of the court in appointing on or before April 1, 1938, or the first Monday in April, was due to the naming of a committee to consider the reappointment of O’Neill and the desire to permit witness in his behalf to appear.
 

 We are of opinion that the provisions of Section 2930, General Code, are not mandatory but are directory as to the time of appointment, and therefore the appointment of Fanning was valid although made after the first Monday in April.
 

 
 *386
 
 Under Section 8, General Code, O’Neill was entitled to continue in office until his successor was appointed, but his incumbency terminated when Fanning was appointed by the Court of Common Pleas.
 

 Judgment of ouster and induction will be denied.
 

 Ouster denied.
 

 Weygandt, C. J., Matthias, Day, Zimmerman, Williams, Myers and Gorman, JJ., concur.